JAMES N. KNIGHT, SBN 219651
  james@jnk-law.com
LAW OFFICES OF JAMES N. KNIGHT
9900 Research Drive
Irvine, California 92618
Telephone: (949) 502-6699
Facsimile: (949) 743-1008

EDWARD M. LAINE, (pro hac vice application forthcoming)
  elaine@oppenheimer.com
AARON MILLS SCOTT, (pro hac vice application forthcoming)
  ascott@oppenheimer.com
ANDREW P. HOLM, (pro hac vice application forthcoming)
  aholm@oppenheimer.com
OPPENHEIMER WOLFF & DONNELLY LLP
Campbell Mithun Tower, Suite 2000
222 South Ninth Street
Minneapolis, Minnesota 55402
Telephone:  (612) 607-7000
Facsimile:  (612) 607-7100

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GROVER PRODUCTS CO.,<br><br>Plaintiff,<br><br>v.<br><br>AIR HORNS OF TEXAS, LLC, TEXAS AIR HORNS, LLC, JASON GABBERT, GERALD GABBERT, AND JANA HILDRETH,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br>**1. FEDERAL TRADEMARK INFRINGEMENT;**<br>**2. FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETION, & FALSE DESIGNATION OF ORIGIN;**<br>**3. CYBERSQUATTING;**<br>**4. FALSE ADVERTISING;**<br>**5. CALIFORNIA STATUTORY UNFAIR COMPETITION;**<br>**6. TRADEMARK INFRINGMENT;** and<br>**7. UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiff Grover Products Co. ("Grover") for its Complaint against Defendants Air Horns of Texas LLC ("AHOT"), Texas Air Horns, LLC, Jason Gabbert, Gerald Gabbert, and Jana Hildreth (collectively "Defendants") states:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement, unfair competition, cybersquatting, and false advertising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, deceptive trade practices under California statutory law, and trademark infringement and unfair competition under the common law.

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Grover's claims brought under state law. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

3. This Court has personal jurisdiction over the Defendants. Defendants have purposefully, continuously, and systematically conducted business in California by, *inter alia*, advertising, promoting, and selling air horns and related products in California. Defendants' advertising, promotion, and selling is conducted through several highly interactive websites accessible at the domain names www.airhornsoftexas.com, www.tirechanger.com, www.ebay.com, www.amazon.com, and www.youtube.com, through which Defendants advertise, offer for sale, and sell products to California residents by making deceptive and misleading statements and by infringing on Grover's trademark. Defendants thus transact business over the internet with California residents, enter into contracts with California residents via the internet, and collect payment for products from California residents via the internet. Indeed, Defendants advertise on the website www.airhornsoftexas.com that Defendants have installed products at the Staples Center in Los Angeles, CA. Defendants also sold products to a resident of Burbank, CA in April 2014, and copies of the ordering documents from those sales are attached hereto as **Exhibit A**. The advertisements for these products, as with Defendants' other product

listings identified herein, are infringing, false, and/or misleading and intended to deceive customers. Additionally, Defendants have willfully engaged in unauthorized, false and misleading uses of Grover's trademark, which has caused and continues to cause harm to Grover, a California resident. Defendants continue to engage in unauthorized, false and misleading use of Grover's trademark even after the nature of this use was brought to Defendants' attention by Grover.

## PRELIMINARY STATEMENT

4. Grover is a manufacturing company that specializes in the fabrication and production of metal products, most notably air horns. Since the 1930s Grover has produced and marketed for sale a variety of air horns under its company name of GROVER, which has become synonymous in the air horn industry as a mark of quality and reliability.

5. To protect its intellectual property, Grover has registered its intellectual property rights; in 1997 Grover obtained federal trademark registrations for GROVER.

6. Jason Gabbert, Gerald Gabbert, and Jana Hildreth (collectively, the "Individual Defendants") previously owned or worked for a company called Gabbert Equipment, Inc. ("Gabbert Equipment"), which was at one time a customer of Grover. While a customer, Gabbert Equipment purchased from Grover, for its own use and for resale, products marketed and sold by Grover under Grover's trademark.

7. In 2006, Grover initiated a lawsuit against Gabbert Equipment in the Central District of California (Civ. A. No. 06-CV-8158) alleging, *inter alia*, that Gabbert Equipment engaged in a series of anticompetitive activities including the registration of website domain names using Grover's trademark, claiming an ownership relationship between Gabbert Equipment and Grover when none existed, copying product literature for at least one of Grover's products for use and sale with its own products, and selling products under Grover's trademark that are not products produced or licensed by Grover,

1   resulting in and causing confusion in the marketplace. After commencement of that
2   litigation, Gabbert Equipment filed for Chapter 7 bankruptcy on September 19, 2007.

3       8.   Recently, Grover learned that the Individual Defendants created AHOT and
4   developed an unlawful scheme to profit from Grover's reputation using the same tactics
5   that led to the 2006 litigation. Defendants purport to sell authentic air horns
6   manufactured by Grover, either by infringing upon Grover's trademark or by making
7   false and/or misleading statements about the air horns and related products Defendants
8   actually sell. Defendants use various websites, as well as direct customer
9   communications, to effectuate their scheme, which includes using Grover's name and/or
10  well-known air horn model numbers designed to mimic Grover's authentic product
11  numbers in Defendants' product descriptions. Defendants do not have permission to sell,
12  and do not sell, authentic products manufactured by Grover.

13      9.   Defendants' current activities are, in effect, a resumption of the former
14  unlawful activities of Gabbert Equipment. Defendants purchased certain assets from
15  Gabbert Equipment in its bankruptcy proceedings. For example, Jason Gabbert
16  purchased the following from Gabbert Equipment: (a) five used computers for a total of
17  $200.00; (b) a forklift for $100.00; (c) a fax machine for $5.00; (d) a drill press for
18  $50.00; and (d) a trailer for $75.00. The Defendants now continue the same unlawful
19  business activities of Gabbert Equipment, sometimes operating through the name of their
20  new company, AHOT.

21      10.  In addition to using the equipment identified above previously owned by
22  Gabbert Equipment, Defendants also use Gabbert Equipment's former website as part of
23  their scheme to profit off of Grover's name. Gabbert Equipment owned and operated the
24  website at the domain name www.tirechanger.com, as shown in the Gabbert Equipment
25  company profile attached as **Exhibit B**. Defendants now own and operate a website at
26  the same domain name for the purpose of advertising and selling infringing products on
27  behalf of AHOT.
28

## PARTIES

11. Grover is a corporation organized under the laws of California and maintains its principal place of business at 3424 East Olympic Boulevard, Los Angeles, California 90023.

12. On information and belief, Defendant AHOT is a limited liability company organized under the laws of Texas and maintains its principal place of business at 100 Rose Ellen Boulevard, McAllen, Texas 78501-8929.

13. On information and belief, Defendant Texas Air Horns, LLC is a Texas limited liability company organized under the laws of Texas and maintains its principal place of business at 100 Rose Ellen Boulevard, McAllen, Texas, 78501-8929.

14. On information and belief, Defendant Jason Gabbert is a Texas resident living in McAllen, Texas and an owner of AHOT. Jason Gabbert is also a Director, Member, and Registered Agent for AHOT and Texas Air Horns, LLC.

15. On information and belief, Defendant Gerald Gabbert is a Texas resident living in McAllen, Texas and an owner of AHOT. Gerald Gabbert was the Director, Vice President, and Registered Agent of Gabbert Equipment, Inc.

16. On information and belief, Defendant Jana Hildreth is a Texas resident living in Harlingen, Texas and an employee of AHOT.

## GROVER'S INTELLECTUAL PROPERTY AND PRODUCTS

17. As early as 1937, Grover introduced a line of air horns that it began marketing under the GROVER name. Since that time, Grover introduced additional air horn products under the GROVER name. Based on the success that Grover realized in its initial production and marketing of GROVER air horns, Grover has expanded its line of air horns to several market segments, including trucks, marine, emergency, trains, industrial, and personal use. As a result of its superior quality control and other production methods, Grover has become a leading supplier of air horns in these market segments, and its name and its GROVER mark have become synonymous with quality.

18. Grover has continuously used the GROVER mark since Grover began use of the trademark. Grover's products marketed under the GROVER mark are distributed throughout the United States and around the world.

19. Grover's products sold under the GROVER mark are distributed through a variety of channels of trade, including by direct mail to consumers via catalog or internet-based sales, as well as through sale to distributors and resellers who deal directly with consumers.

20. Grover registered its GROVER mark on the Principal Register of the United States Patent and Trademark Office, Registration No. 2,114,576, for use on machine parts, namely, air compressors and air valves, air horns for the truck, automotive, industrial, marine and recreational vehicle industries, and baseball bats. A copy of this Registration is attached as **Exhibit C**. Grover also registered a GROVER "plus design" mark, Registration No. 1,969,487, for use on machine parts, namely, air compressors and air valves, and air horns for the truck, automotive, industrial, marine and recreational vehicle industries. A copy of this Registration is attached as **Exhibit D**. Grover also registered its STUTTERTONE mark, Registration No. 2,996,746, for use on air horns used by emergency vehicles. These registrations have become incontestable. A copy of this Registration is attached as **Exhibit E**.

21. As a result of Grover's use and promotion of its GROVER® and STUTTERTONE® marks, and as demonstrated by the corresponding federal registrations, the GROVER® and STUTTERTONE® marks are distinctive, distinguish Grover and its products from the products of other businesses, distinguish its air horn products from those of other businesses, and distinguish the source and origin of Grover's air horns and related products. As a result of these efforts by Grover, the consuming public in California and the United States widely recognizes and associates the GROVER® and STUTTERTONE® marks with Grover and its products.

22. As a result of Grover's use and promotion of the GROVER® and STUTTERTONE® marks in California and elsewhere, Grover has developed great and valuable goodwill and has acquired valuable common law rights in its mark.

**DEFENDANTS AND THEIR ACTIVITIES**

23. Defendants are engaged in the business of advertising and selling air horns and related equipment including air horns, air compressors, and air horn parts through the websites www.airhornsoftexas.com, www.groverairhorns.com, and www.tirechanger.com, which are owned and operated by Defendants. The Individual Defendants previously advertised and sold infringing parts on behalf of Gabbert Equipment on the website www.tirechanger.com. After Gabbert Equipment filed for bankruptcy, Defendants used the website www.tirechanger.com to continue their unlawful behavior under a new name, this time selling products through AHOT.

24. Defendants are also engaged in the business of advertising and/or selling air horns and related equipment including air horns, air compressors, and air horn parts through the websites www.ebay.com, www.amazon.com, and www.youtube.com. On information and belief, the Defendants sell products on eBay under the username "theloudhornguy" and on Amazon under the usernames "Air Horn of Texas" and "Texas Air Horns."

25. On information and belief, Defendants have contracted with a supplier of air horns and other air horn products to produce horns and products that are highly similar in appearance to those supplied by Grover. Defendants market their products with product numbers that are similar, or identical, to Grover's product line for the purpose of confusing customers into thinking they are purchasing GROVER® and/or STUTTERTONE® air horns when, in fact, they are not. Defendants have marketed and sold these alternative air horns and air horn products either under the GROVER® or STUTTERTONE® marks, or have represented or alluded in either their advertising or other contacts that the products originate or are associated with Grover when, in fact,

they are not. An e-mail exchange showing one of many such misrepresentations is attached as **Exhibit F**.

26. Defendants' first use of the GROVER® and STUTTERTONE® marks commenced long after Grover's first use of its GROVER® and STUTTERTONE® marks. Defendants' first use of the GROVER® and STUTTERTONE® marks commenced long after Grover's federal registration for the marks became incontestable.

27. Defendants were aware, either by actual knowledge or constructive knowledge, of Grover's prior use of its GROVER® and STUTTERTONE® marks when Defendants adopted and used the GROVER and STUTTERTONE designations to sell products, including their advertisements on their website, eBay, and Amazon.

28. Defendants did not ask for or obtain Grover's permission to use the GROVER® or STUTTERTONE® mark in connection with Defendants' goods.

29. Defendants are now selling or offering for sale Defendants' goods identified with the GROVER® and STUTTERTONE® marks in commerce in the United States and in this District. As part of the scheme to confuse the public into purchasing its products, thereby profiting from Grover's reputation and goodwill, Defendants sell imitation GROVER® and STUTTERTONE® products through many channels, including by advertising on several websites.

30. Although Defendants do not sell, and are not authorized to sell, GROVER® products, Defendants advertise, and purport to sell, GROVER® products to customers through eBay's website, www.ebay.com.

31. For instance, as of July 10, 2014, Defendants offered for sale on eBay, a product advertised as "Front support for grover air horn # 1735." An image of Defendants' advertisement is below:



32. In the same product listing, Defendants claim that they "stock most all of the replacement parts for Grover and Hadley horns." An image of Defendants' advertisement is below:

Seller assumes all responsibility for this listing.

**Item specifics**

| Condition: | New | Manufacturer Part Number: | 1735 |
|---|---|---|---|
| Warranty: | Yes | Surface Finish: | Chrome |

For sale is a front support for Grover air horns . It fits the 25" - 37" Grover horns with a 7 1/4" bells

Part number is 1735  Comes with rubber guard and rubber mount.

We stock most all of the replacement parts for Grover and Hadley horns .

Feel free to email me any questions.  Thanks

33. Contrary to Defendants' advertisement, Defendants do not sell, and are not authorized to sell, GROVER® part number 1735 or any associated GROVER® products. Defendants' unauthorized use of Grover's trademark constitutes trademark infringement. Additionally, Defendants' advertisement is false, misleading, and intended to deceive consumers.

34. As of July 10, 2014, Defendants also offered for sale on eBay, a product advertised as a "stanction 1087 for grover air horn." An image of Defendants' advertisement is below:



35. In the same product listing, Defendants claim that they "stock most all of the replacement parts for Grover and Hadley horns." An image of Defendants' advertisement is below:

Seller assumes all responsibility for this listing.

**Item specifics**
Condition: New
Warranty: Yes
Manufacturer Part Number: 1087

For sale is a stanction for Grover air horns . it fits most of the older Grover horns models 1024, 1030,1042,1045,1055,1054,,1510 and 1512
Part number is 1087 Comes with front gasket and mounting gasket.
We stock most all of the replacement parts for Grover and Hadley horns .
Feel free to email me any questions. Thanks

36. Contrary to Defendants' advertisement, Defendants do not sell, and are not authorized to sell, GROVER® part number 1087 or any associated GROVER® products. Defendants' unauthorized use of Grover's trademark constitutes trademark infringement. Additionally, Defendants' advertisement is false, misleading, and intended to deceive consumers.

37. As of July 10, 2014, Defendants offered or sale on eBay, a product advertised an "Emergency Fire truck air horn kit Model 1510 NIB." An image of Defendants' advertisement is below:



Emergency Fire truck air horn kit Model 1510 NIB   $319.00 Buy It Now

38. In the same listing, Defendants also advertised that this particular horn is "used on most US fire trucks and ambulances" because they "produce that distinct emergency tone that demands peoples [sic] attention." An image of Defendants' advertisement is below:

10



Seller assumes all responsibility for this listing.

**Item specifics**

| | | | |
|---|---|---|---|
| Condition: | New | Manufacturer Part Number: | 1510kit |
| Warranty: | Yes | Surface Finish: | Chrome |
| Part Brand: | Grover style / Viair compressor | | |

**Looking for the loud Emergency Firetruck horn kit?   Here is your chance!!!**

For sale is a model 1510 emergency air horn kit. These horns produce that distinct emergency tone that demands peoples attention. They are used on most US fire trucks and ambulances.

Kit comes with a Viair 20003 air kit , 1.5 gallon tank    120 psi air compressor ,  12 Volt DC  air valve , tubing and wiring.

Horn is 25" Long with a 6" flare,  Comes with mounting hardware and Front support.

Brass bell , chrome plated.

Air inlet is 1/8 NPT female.  Operating pressure is 60-120 psi . Produces  134  db at 10ft using 100 psi.

Feel free to ask any questions. Horns are new and carry a 1 yr warranty.

39.     Contrary to Defendants' advertisement, Defendants do not sell, and are not authorized to sell, GROVER® air horn model 1510. On information and belief, the horn offered for sale by Defendants is not "used on most US fire trucks and ambulances." Rather, Defendants are attempting to trade on Grover's well-known name and products, which are commonly used on fire trucks and ambulances across the country. Defendants' unauthorized use of Grover's trademark constitutes trademark infringement. Additionally, Defendants' advertisement is false, misleading and intended to deceive consumers.

40.     On information and belief, Defendants have sold at least hundreds, if not thousands, of products through eBay, under the username "theloudhornguy," which products customers were falsely led to believe were authentic GROVER® products.

41.     Similarly, Defendants advertise, and purport to sell, GROVER® products to customers through Amazon's website, www.amazon.com.

42.     For instance, as of July 10, 2014, the user "Air Horn of Texas" offered for sale on Amazon the following product: "1510 Kit – Emergency Fire Truck Air Horn Kit." An image of the products advertised by Defendants is below:

**1510 Kit - Emergency Fire Truck Air Horn Kit**
$399.99
More Buying Choices
$398.00 new (2 offers)
Product Features
CX1510 Brass *Air Horn* Assembly With Premium Chrome Finish

43. Contrary to the advertisement, Defendants do not sell, and are not authorized to sell, GROVER® air horn model 1510. Rather, Defendants use Grover's well-known model numbers in an attempt to confuse and deceive consumers into thinking they are purchasing authentic GROVER® products when, in fact, they are not. Defendants' advertisement is false, misleading and intended to deceive consumers.

44. On information and belief, Defendants have sold hundreds of products through Amazon which products customers were falsely led to believe were authentic GROVER® products.

45. In addition to sales through eBay and Amazon, Defendants offer for sale and sell air horns and related products through its own websites, www.airhornsoftexas.com and www.tirechanger.com.

46. For instance, as of July 10, 2014, Defendants offered the following product for sale "CX 1510 Kit – Emergency Fire Truck Air Horn Kit" through its website www.airhornsoftexas.com, which is also accessible through www.tirechanger.com, another website owned and operated by Defendants. An image of the products advertised by Defendants through www.airhornsoftexas.com is below:



47. Contrary to the advertisement, Defendants do not sell, and are not authorized to sell, GROVER® air horn model 1510. Rather, Defendants use Grover's well-known model numbers in an attempt to confuse and deceive consumers into thinking they are purchasing authentic GROVER® products when, in fact, they are not. Defendants' advertisement is false, misleading and intended to deceive consumers.

48. Defendants also advertise and offer to sell "repair parts for all models of air horns" through its website www.airhornsoftexas.com, which is also accessible through www.tirechanger.com. An image of Defendants' advertisement is below:

**Accessories & Parts**

At **Air Horns of Texas**, we go far beyond offering only air horn kits and systems for personal and commercial use. We also offer a full line of accessories, repair parts for all models of air horns, and help with the installation of your air horn. Our experts at Air Horns of Texas believe that having the appropriate parts available makes it simple for you to properly maintain your truck or train air horn. Our extensive line of accessories and parts include valves, tubing, connectors, sound unit repair kits, and more. Check out our product list available below to see what we have to offer.

49. Contrary to its advertisement, Defendants are not authorized to sell, and do not sell, "repair parts for all models of air horns," including, without limitation, GROVER® horns. Defendants' advertisement is false, misleading and intended to deceive consumers.

50. Defendants also advertise their products through the website www.youtube.com. On this site, Defendants have posted several false and misleading

videos advertising AHOT air horns and related products in a way that confuses customers into thinking that AHOT sells authentic GROVER® products when, in fact, it does not.

51. For example, Jason Gabbert has posted a video advertising "fire truck horn kit 1510 kit" which can be purchased from AHOT. This video is available at the following url as of July 10, 2014: https://www.youtube.com/watch?v=Wixb08H8hSo. Contrary to the posting, Defendants do not sell, and are not authorized to sell, GROVER® air horn model 1510. Rather, Defendants use Grover's well-known model numbers in an attempt to confuse and deceive consumers into thinking they sell authentic GROVER® products when, in fact, they do not. Defendants' advertisement is false, misleading and intended to deceive consumers

52. On information and belief, Defendants have sold thousands of products through its various websites, which products customers were falsely led to believe were authentic GROVER® or STUTTERTONE® products.

53. Defendants' unauthorized use of the GROVER® and STUTTERTONE® marks in the manner described above is likely to cause confusion, to cause mistakes, and/or deceive customers and potential customers of the parties, as to the affiliation, connection or association of Defendants with Grover, or as to the origin, sponsorship, or approval of Defendants' goods by Grover. Consumers are likely to believe that Defendants' goods either emanate from Grover or relate to Grover's air horn and related products.

54. Defendants' unauthorized use of the GROVER® and STUTTERTONE® marks in the manner described above falsely indicates to the purchasing public that Defendants' goods originate from Grover, or are affiliated, connected or associated with Grover, or are sponsored, endorsed or approved by Grover, or in some manner relate to Grover and/or its products.

55. Defendants' unauthorized use of the GROVER® and STUTTERTONE® marks and names in the manner described above falsely designates the origin of Defendants' goods and falsely and misleadingly describes and represents facts with respect to Defendants and Defendants' goods.

56. Defendants' unauthorized use of the GROVER® and STUTTERTONE® marks used in the matter described above enables it to trade on and receive the benefit of goodwill attaching to the marks that Grover has cultivated at great labor and expense over many years. Defendants' unauthorized use also enables it to gain acceptance for its own goods, not solely on their own merits, but on the reputation and goodwill of Grover and its marks.

57. Defendants' unauthorized use of the GROVER® and STUTTERTONE® marks in the manner described above unjustly enriches Defendants at Grover's expense.

58. Defendants' activities have caused irreparable injury to Grover, and unless restrained by this Court, will continue to cause irreparable injury to Grover, and to the public. There is no adequate remedy at law for this injury.

## CLAIM I: FEDERAL TRADEMARK INFRINGEMENT

59. Grover repeats the allegations in paragraphs 1-58 above as if fully set forth herein.

60. The acts of Defendants complained herein constitute infringement of Grover's federally registered GROVER® and STUTTERTONE® marks in violation of 15 U.S.C. § 1114.

61. Defendants' conduct has been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## CLAIM II: FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETION, & FALSE DESIGNATION OF ORIGIN

62. Grover repeats the allegations in paragraphs 1-61 above as if fully set forth herein.

63. The acts of Defendants complained herein constitute trademark infringement of Grover's marks, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125.

### CLAIM III: CYBERSQUATTING

64. Grover repeats the allegations in paragraphs 1-63 above as if fully set forth herein.

65. Upon information and belief, Defendant Gerald Gabbert is the registrant of the domain name <Groverairhorns.com>.

66. Upon information and belief, Defendants utilized a service to obscure the identity of the registrant of that domain name from public view after registering that domain name on January 1, 2004.

67. Defendants were aware of Grover's GROVER® mark at the time that Defendants registered and began using <Groverairhorns.com>.

68. Defendants did not ask for or obtain Grover's permission to use the GROVER® mark and have no authorization to use any of Grover's trademarks for any purpose.

69. Through use of the confusingly similar <Groverairhorns.com> domain name, Defendants have demonstrated bad faith intent to profit from the goodwill established by Grover in its GROVER® mark.

70. Defendants have registered, trafficked in, and used a domain name that is identical and therefore confusingly similar to the GROVER® mark, which was distinctive at the time of registration of <Groverairhorns.com>.

71. Defendants' intent in using the <Groverairhorns.com> domain name is to capitalize on consumer confusion as to the source, sponsorship, affiliation, or endorsement of Grover's products.

72. Defendants possess and have possessed bad faith intent to profit from the GROVER® mark.

73. Defendants have no legitimate trademark or other intellectual property rights in the <Groverairhorns.com> domain name.

74. The acts of Defendants complained herein constitute cybersquatting in violation of 15 U.S.C. § 1125(d) and entitle Grover to recover statutory damages of not less than $1,000 and not more than $100,000 pursuant to 15 U.S.C. § 1117(d)

### CLAIM IV: FALSE ADVERTISING

75. Grover repeats the allegations in paragraphs 1-74 above as if fully set forth herein.

76. By engaging in the activities described above, Defendants have made and are making false representations, claims and statements in connection with goods distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### CLAIM V: CALIFORNIA STATUTORY UNFAIR COMPETITION

77. Grover repeats the allegations in paragraphs 1-76 above as if fully set forth herein.

78. The acts of Defendants complained herein constitute unfair competition in violation of California Business and Professional Code § 17200 *et seq*.

### CLAIM VI: TRADEMARK INFRINGMENT

79. Grover repeats the allegations in paragraphs 1-78 above as if fully set forth herein.

80. The acts of Defendants complained herein constitute trademark infringement in violation of the common law.

### CLAIM VII: UNFAIR COMPETITION (ALL DEFENDANTS)

81. Grover repeats the allegations in paragraphs 1-80 above as if fully set forth herein.

82. The acts of Defendants complained herein constitute unfair competition in violation of the common law.

## PRAYER FOR RELIEF

**WHEREFORE**, Grover prays that the Court enter Judgment as follows:

a) That Defendants, their officers, agents, servants, attorneys, and all those persons in active concert and participation with them, be enjoined and restrained from using in connection with Defendants' goods and any other goods or services, the GROVER® and STUTTERTONE® marks, and any other mark or name that is confusingly similar to Grover's GROVER® or STUTTERTONE® marks, and from engaging in any acts of false or misleading advertising;

b) That Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert and participation with them, be required to deliver to the court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, marketing materials and advertisements in Defendants' possession or control which uses or depicts the GROVER® or STUTTERTONE® marks or any other mark or name that is confusingly similar to Grover's GROVER® or STUTTERTONE® marks;

c) That Defendants transfer to Grover the domain registration www.groverairhorns.com and, and remove all metatag references of the GROVER® mark or any other mark or name that is confusingly similar to Grover's GROVER® mark on all other websites in the possession, custody, control, or ownership of Defendants;

d) That Defendants be ordered to file with this Court and serve upon Grover, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

e) That Grover recover all damages, either statutory or actual, it has sustained as a result of Defendants' activities and that its damages be trebled;

f) That an accounting be directed to determine Defendants' profits resulting from its activities and that such profits be paid over to Grover, increased as the Court finds to be just and with the circumstances of the case;

g) That Grover recover its reasonable attorney fees;

h) That Grover recover its costs in this action and prejudgment and post judgment interest; and

i) That Grover recovers such other relief as this Court may deem just and proper.

DATED: July 14, 2014

EDWARD M. LAINE
AARON MILLS SCOTT
ANDREW P. HOLM
OPPENHEIMER WOLFF & DONNELLY LLP

JAMES N. KNIGHT
LAW OFFICES OF JAMES N. KNIGHT


By:  /s/James N. Knight
         James N. Knight

Attorneys for Plaintiff
GROVER PRODUCTS CO.

**JURY DEMAND**

Under Federal Rule of Civil Procedure 38(b) and Local Rule 38-1, Grover demands a trial by jury on all issues triable of right by jury.

DATED: July 14, 2014

EDWARD M. LAINE
AARON MILLS SCOTT
ANDREW P. HOLM
OPPENHEIMER WOLFF & DONNELLY LLP

JAMES N. KNIGHT
LAW OFFICES OF JAMES N. KNIGHT


By:   /s/James N. Knight
      James N. Knight

Attorneys for Plaintiff
GROVER PRODUCTS CO.